# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| TOMMY HINTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:07-cv-01719-UWC |
| | ) | |
| BILLY D. WILSON | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION ON THE COURT'S JURISDICTION

    Tommy Hinton, Jr., ("Plaintiff") initially filed this lawsuit in Alabama state court against Billy D. Wilson ("Wilson) and Progressive Gulf Insurance Company("Progressive"), arising out of a motor vehicle accident that occurred in Sumter County on August 7, 2007. On September 20, 2007, Defendants removed the present action to this Court claiming diversity of jurisdiction. (Doc. 1, Notice of Removal.) According to the Notice of Removal, Plaintiff is a citizen of Alabama, while Wilson is a citizen of Mississippi and Progressive is incorporated and organized under the laws of Ohio and has its principal place of business in Ohio. (Doc. 1, Notice of Removal ¶¶ 6 and 7.)

    On September 24, 2007, this Court issued an order of partial dismissal,

granting Progressive's unopposed motion to dismiss based on clear legal authority that Alabama law does not allow a direct action against a liability insurer.  *See Safeway Insurance Company of Alabama v. State Farm Mutual Automobile Insurance*, 2007 WL 2405075 (Ala. Civ. App. 2007).  After the dismissal, Defendant Wilson is the only remaining defendant for purposes of this Court's diversity jurisdiction.

Although Plaintiff has not, at this time, filed a motion to remand, given the current pleadings filed in this Court, the matter of the Court's jurisdiction is an issue of concern: the citizenship of the remaining individual defendant is in dispute.  *See, e.g.*, Arthur v. Haley, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue sua sponte.").  In the complaint, Hinton claimed that Wilson was a citizen of Alabama.  In the answer, Wilson claimed that he was a citizen of Mississippi.  Accordingly, this Court issued a Show Cause Order on October 2, 2007, asking Wilson to establish his citizenship for purposes of diversity jurisdiction.  Wilson was unable to produce any satisfying response to said Order.  Moreover, counsel for Wilson represented to this Court that the action was due to be remanded to state court because of Wilson's inability to produce proof of Mississippi citizenship.

Accordingly, this Court finds that the present removal is flawed because

complete diversity of citizenship is not present. For purposes of diversity, the district court may only retain jurisdiction when the action is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Inasmuch as Wilson cannot establish that he is a citizen of Mississippi, this Court shall consider him a citizen of Alabama. Because Hinton is also a citizen of Alabama, diversity is not present.

By separate order, this action will be remanded.

Done the 16th day of October, 2007.

_____
U.W. Clemon
United States District Judge